IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HACI I. TOP,

              Plaintiff,

      v.

OCEAN PETROLEUM, LLC. and BP
PRODUCTS NORTH AMERICA, INC.

           Defendants.

HON. JEROME B. SIMANDLE

Civil No. 10-1042 (JBS/AMD)

**OPINION**

APPEARANCES:

Mr. Haci I. Top
495 Windmill Avenue
West Babylon, NY 11704
    Pro Se Plaintiff

Anthony P. Alfano, Esq.
LAW OFFICES OF ANTHONY P. ALFANO
761 Ridge Road
Lyndhurst, NJ 07071
    Counsel for Defendant

**SIMANDLE**, District Judge:

## I.   INTRODUCTION

This matter is before the Court on Defendant Ocean Petroleum's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docket Item 6]. In the Complaint, Plaintiff Haci Top, proceeding without a lawyer, asserts that Defendant has refused to sell BP branded fuel to him, and that in so doing, it has breached certain, unspecified contractual obligations. For the reasons explained

below, the Court finds that Plaintiff has failed to state a claim against Defendant upon which relief can be granted, and therefore, that Defendant's motion to dismiss will be granted.

## II.   BACKGROUND

Plaintiff Haci Top brings this lawsuit seeking injunctive relief and damages against Defendant Ocean Petroleum for its refusal to provide Plaintiff with BP branded fuel that he could sell at a service station located at Route 130 and Kings Highway in Brooklawn, New Jersey.[1]  Defendant Ocean Petroleum is a "wholesale distributor of motor fuels who markets motor fuel products to dealers, like the [P]laintiff, under a number of brands, including the BP brand."  (Def.'s Mot. to Dismiss 2.)

According to the Complaint, Top Enterprises LCC acquired a ground lease from Amoco Oil Company ("Amoco") in 2001.  (Compl. ¶ 23.)  That lease contained a restrictive covenant requiring the sale of Amoco branded fuels at the Brooklawn property through September 26, 2011.[2]  (Id.)  At some point during the lease, BP

---

[1] In the Complaint, Plaintiff does not explicitly state that he operates a retail service station but the facts alleged indicate that is the case.  For instance, Plaintiff is a member of the New Jersey Gasoline Retailers Association (Compl. ¶ 18) and Plaintiff seeks damages against Defendant for "lost gas sales" (id. ¶ 48).

[2] The present Complaint also named as a defendant BP Products North America, Inc. ("BP"), and sought contractual relief against BP.  On July 8, 2009, BP entered into a settlement agreement with Top Enterprises regarding its use of the Brooklawn property.  (Compl. ¶ 25.)  BP was dismissed from the case with

Products North America, Inc. ("BP") acquired Amoco, and the covenant was presumably updated to reflect this acquisition so as to require the sale of BP branded fuel on the Brooklawn property, not Amoco branded fuel.

On June 1, 2009, Plaintiff assumed Top Enterprises' lease, including the restrictive covenant. (Id. ¶¶ 6, 33.)  Plaintiff contacted Defendant about supplying BP branded fuel through September 26, 2011, but Defendant insisted on a ten-year agreement, something which Plaintiff was not willing to accept. (Id. ¶ 10.)  Subsequent attempts by the parties to reach an agreement were ineffective and no agreement was reached.  (Id. ¶¶ 13, 20.)

Plaintiff asserts that at some point BP sold certain fuel "rights" to Defendant, which made it the exclusive distributor of BP branded fuels to the Brooklawn property.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss 2.)  Plaintiff does not explain what "rights" Defendant purchased from BP but claims that these rights resulted in an "indirect contractual agreement" between Plaintiff

---

prejudice by Plaintiff on June 11, 2010 [Docket Item 22], Plaintiff and Defendant BP having agreed to a settlement. Plaintiff does not elaborate on the nature of the prior settlement agreement, why it happened, or what was stipulated. Moreover, Plaintiff does not explain how the settlement agreement applies to him or this case since neither he nor Defendant Ocean Petroleum were purportedly parties to it.  Likewise, the terms of the new settlement agreement between Mr. Top and BP dismissing BP from this case are unknown to the Court, and no party has suggested it has a bearing upon the present motion by Ocean Petroleum.

and Defendant requiring Defendant to sell Plaintiff BP branded fuel. (<u>Id.</u>) Plaintiff requests discovery so that he can substantiate his assertions against Defendant of contractual breach. (<u>Id.</u>)

Defendant, in turn, contends that Plaintiff has not provided a factual basis in the Complaint that would make his claim of contractual breach plausible. As such, Defendant moves for the Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

This Court has subject matter jurisdiction due to the parties' diversity of citizenship under 28 U.S.C. § 1332.

## III.  DISCUSSION

### A.  Standard of Review

In deciding Defendant Ocean Petroleum's motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Since Plaintiff is <u>pro se</u>, his "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007)

4

(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  "A
document filed pro se is 'to be liberally construed.'"  Erickson,
127 S. Ct. at 2200 (quoting Estelle, 429 U.S. at 106).

     Thus, "to survive a motion to dismiss, a complaint must
contain sufficient factual matter, accepted as true, to 'state a
claim to relief that is plausible on its face.'"  Ashcroft v.
Iqbal, 129 S. Ct. 1937, 1949 (2009); Fowler v. UPMC Shadyside,
578 F.3d 203, 210 (3d Cir. 2009).  "While a complaint attacked by
a Rule 12(b)(6) motion to dismiss does not need detailed factual
allegations, a plaintiff's obligation to provide the 'grounds' of
his 'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do."  Bell Atl. Corp. v. Twombly, 550
U.S. 544, 555 (2007) (quoting Papasan v. Allain, 478 U.S. 265,
286 (1986)).

     **B. Plaintiff's Contract Claims**

     The question on this motion is whether Plaintiff has alleged
facts sufficient to raise a plausible contract claim against
Defendant based on Defendant's refusal to sell him fuel for a
limited period through 2011.  Plaintiff does not allege that he
entered into a contract directly with Defendant.  See Pl.'s Opp'n
to Def.'s Mot. to Dismiss 2 ("Ocean Petroleum's unwillingness to
supply fuel until September 26, 2011 . . . resulted in a non-
agreement.")  But Plaintiff does allege that an indirect

contractual relationship was formed between the parties when
Defendant acquired certain "rights" from BP, and as a result,
that Defendant was required to provide him with BP branded fuel.
(Pl.'s Opp'n to Def.'s Mot. to Dismiss 2.)  Plaintiff, however,
admits in the Complaint that he does not know what specific
contractual obligations Defendant owes him.  See Compl. ¶ 34 ("BP
sometime in 2009 sold some rights to the Brooklawn site to Ocean
Petroleum . . . Plaintiff today does not know what was sold to
Ocean Petroleum that would affect the Plaintiff's interests.")

    Accepting the facts alleged by Plaintiff as true and
liberally construing the Complaint, the Court finds that several
competing scenarios could have occurred, and that although one of
these scenarios might plausibly form the basis for a claim
against Defendant, other equally possible scenarios would not.
In the first scenario, BP could have entered into a contract with
Defendant to sell fuel to Plaintiff in terms that would comply
with the already existing covenant.  Plaintiff, therefore, could
possibly have been a third-party beneficiary of that contract or
a direct party if the right was assigned from a previous contract
between Top Enterprises and BP.[3]  If Plaintiff were able to
allege this much, then a claim against Defendant would likely

---

[3] For New Jersey case law on contracts and third-party
beneficiaries see Cont'l Bank of Pa. v. Barclay Riding Acad., 459
A.2d 1163, 1172 (N.J. 1983) (explaining that a party can "enter
into a binding contract for the benefit of a third party").

rise to the level of plausibility.  Plaintiff has not, however, made such an allegation.

On the other hand, it is equally consistent with the rather sketchy facts alleged that BP gave Defendant exclusive distribution rights without either assigning its contractual obligations with Top Enterprises or separately obliging Defendant to sell BP branded fuel to Plaintiff.  If this were the case, then BP, not Defendant, would be the party against whom Plaintiff would have a plausible claim, for declaratory relief regarding the restrictive covenant, if nothing else.  But Plaintiff would not have a plausible claim against Defendant.

The pleadings remain agnostic about which set of facts is the reality, and therefore do no more than present possible scenarios, only one of which would result in liability.  This is the precise situation in which Iqbal determined that dismissal is warranted.  See Iqbal 129 S. Ct. at 1952 (quoting Twombly 550 U.S. at 570) (requiring the plaintiff to "allege more by way of factual content to 'nudge' his claim of purposeful discrimination 'across the line from conceivable to plausible'").  Merely stating that the parties became contractually bound through Defendant's activities with a third party is a conclusory statement and does not by itself establish that the parties had some contractual relationship.  See Iqbal, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the

7

allegations contained in a complaint is inapplicable to legal conclusions."). Plaintiff, therefore, must provide factual allegations to buttress his legal conclusion that Defendant breached contractual obligations, in order to state a claim for breach of contract. In other words, Plaintiff has failed to provide the grounds of his entitlement to relief with more than labels and conclusions of some sort of contractual relationship to Ocean Petroleum.

## C. Plaintiff's Request for Discovery

In his Opposition to Defendant's Motion to Dismiss, Plaintiff asks the Court to delay its ruling on Defendant's motion until discovery has been taken. Plaintiff's request will not be granted for doing so would undermine the basic framework of federal procedure. A Rule 12(b)(6) motion essentially represents a checkpoint that must be cleared before a plaintiff can reach the discovery stage of litigation. See Mann v. Brenner, No. 09-2461, 2010 U.S. App. LEXIS 6540, at *17 (3d Cir. Mar 30, 2010) (finding that a plaintiff was not entitled to discovery prior to a Rule 12(b)(6) ruling because "a motion to dismiss . . . tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development"); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("A motion to dismiss based on failure to state a claim for relief should . . . be resolved

8

before discovery begins."); Rutman Wine Co. v. E. & J. Gallo
Winery, 829 F.2d 729, 738 (9th Cir. 1987) (explaining that the
idea of permitting discovery prior to deciding a motion to
dismiss "is unsupported and defies common sense [because t]he
purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to
challenge the legal sufficiency of complaints without subjecting
themselves to discovery").

A plaintiff can clear the hurdle of a Rule 12(b)(6) motion
to dismiss and reach the discovery stage by putting forward
sufficient facts to show a plausible claim for relief.  When the
evidence relevant to a claim is not in the control of a
plaintiff, there is a seeming catch-22 between the need to plead
certain facts before getting discovery, and the need to get
discovery before having certain facts.  But this dilemma is
largely illusory because of several important principles.

First, courts exercise discretion that permits the pleading
standards to be adapted to the circumstances at hand.  When
determining whether a claim is "plausible," district courts are
not bound by a rigid code-pleading regime requiring a plaintiff
to recite the magic words or plead every element of a claim, but
instead the courts rely on "judicial experience and common sense"
applied to the particular circumstances of the case at hand.
Iqbal, 129 S. Ct. at 1957.  Courts determine what inferences

can be reasonably drawn from circumstantial facts, Phillips, 515 F.3d at 231, and also what degree, depending on the case, other factual possibilities must be ruled out in order to make legal liability plausible.  Iqbal, 129 S. Ct. at 1951-52.  Often, the very same circumstantial evidence that leads a plaintiff to believe that a defendant is in control of the relevant direct evidence forms the basis of reasonable inferences supporting a plausible claim.

Second, a party need not have evidentiary support in order to allege a fact in the Complaint.  A plaintiff may allege a fact when to the "best of the person's knowledge, information, and belief," there is reason to believe that discovery would "likely" find evidence for the fact.  Fed. R. Civ. P. 11(b)(3).  While something more than a mere hunch or guess is needed, the requirement is also not one necessitating evidentiary support prior to discovery.

Thus, far from requiring that a plaintiff be in possession of the relevant evidence in order to plead a claim, a plaintiff need only have some good reasons — even if circumstantial and inferential — for believing that the defendant has engaged in some identifiable legal wrong, sufficient to convince the Court of the claim's plausibility in light of the other possible scenarios that are consistent with the facts alleged.  See, e.g.,

Weiner v. Quaker Oats Co., 129 F.3d 310, 318 n.8 (3d Cir. 1997)
(finding in the case of securities fraud that a plaintiff could
show a defendant's state of mind by "setting forth facts
establishing a motive and an opportunity to commit fraud").  If
this threshold of plausibility is met, the claim survives a Rule
12(b)(6) motion and discovery obligations ensue.  It is only when
even this somewhat low threshold has not been met that discovery
is denied.  See Smith v. Trusted Universal Standards in Elec.
Transactions, Inc., No. 09-4567, 2010 U.S. Dist. LEXIS 43360, at
*34 (D.N.J. May 4, 2010) (denying a pro se plaintiff's request
for discovery prior to ruling on a Rule 12(b)(6) motion to
dismiss because the complaint alleged "the mere possibility of
liability, but not plausible liability"); Mt. Holly Citizens in
Action, Inc. v. Twp. of Mt. Holly, No. 08-2584, 2009 U.S. Dist.
LEXIS 100032, at *6-7 (D.N.J. Oct. 23, 2009) ("[A] plaintiff
cannot use the discovery process to find, in the first instance,
facts to support general claims advanced against a defendant.").

Until Plaintiff is able to allege enough facts to make a
claim plausible, the Court will not impose the burdens of
discovery upon Defendant Ocean Petroleum.  Although the present
Complaint fails to state a claim against Defendant, and it must
be dismissed, this dismissal is without prejudice to Plaintiff's
right to amend his Complaint, if he can do so, consistent with
this Opinion.  Any such Amended Complaint must be filed within

11

thirty (30) days and served on defense counsel, and it must cure the deficiencies noted above in order to state a claim for breach of contract.

## IV.  CONCLUSION

Plaintiff has not put forward sufficient facts to show that he and Defendant were contractually bound through a third-party agreement or by assignment of prior contractual duties; as such, a contractual claim of breach is not plausible.  The Court grants Defendant's motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff's Complaint is dismissed without prejudice to Plaintiff's right to file an Amended Complaint to state a breach of contract claim against Defendant within thirty (30) days, consistent with the Court's discussion above.

The accompanying Order will be entered.


__August 3, 2010__              __ s/ Jerome B. Simandle__
Date                            JEROME B. SIMANDLE
                                United States District Judge